IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TONY CHRISTOPHER ALLEN,

        Petitioner,

    v.

CHARLES DANIELS, Warden,
FCI Sheridan,,

        Respondent.

Civil No. 05-1277-BR

OPINION AND ORDER

**TONY CHRISTOPHER ALLEN**
Fed. Reg. No. 63363-065
FCI Sheridan
P.O. Box 5000
Sheridan, OR  97378

    Petitioner *Pro Se*

**KAREN J. IMMERGUT**
United States Attorney
**KENNETH C. BAUMAN**
Assistant U.S. Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR  97204

    Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, an inmate at FCI Sheridan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 *pro se*. For the reasons that follow, the Court **DENIES** the Petition for Writ of Habeas Corpus.

## PROCEDURAL BACKGROUND

On August 17, 2005, Petitioner filed his Petition for Writ of Habeas Corpus in this Court. Petitioner alleged he was dying of lung cancer, and that Bureau of Prison ("BOP") officials at FCI Sheridan were not providing him medical care, in violation of the Eighth Amendment right to be free from cruel and unusual punishment. Petitioner requested expedited consideration.

On August 24, 2005, this Court issued an Expedited Scheduling Order. On September 1, 2005, Respondent filed an Answer, and on September 7, 2005, this Court conducted an evidentiary hearing. At the conclusion of the hearing the Court ordered Counsel for Respondent to do three things: (1) to facilitate Petitioner's contact with Dennis Balske, his former counsel in criminal proceedings; (2) to ensure that Petitioner was allowed to file BOP administrative remedies requests at FCI Sheridan, and (3) to determine the accuracy of three forms offered by Petitioner as evidence at the hearing. On October 14, 2005, Respondent filed a

status report indicating compliance with the Court's directions and requesting that the Petition be denied.

The Court granted Petitioner the opportunity to submit additional evidence in support of his Petition. Despite repeated opportunities to do so, Petitioner did not file any additional evidence.

## SUMMARY OF FACTS

### I.   Petitioner's Relevant Incarceration History

On May 18, 2000, following a trial before the Honorable Helen J. Frye of this court, a jury found Petitioner guilty on charges of mailing a threatening letter to a Multnomah County Deputy District Attorney.  On January 12, 2001, Judge Frye sentenced Petitioner to 60 months' imprisonment, to be followed by a three-year term of supervised release.

On February 24, 2005, the BOP released Petitioner from custody to begin serving his three-year supervised release term. Petitioner did not comply with the conditions of release, and on April 25, 2005, the Honorable Malcolm F. Marsh issued a warrant for Petitioner's arrest.  On May 13, 2005,  a Portland Police Officer arrested Petitioner on the outstanding warrant.  On June 14, 2005, Petitioner appeared before the Honorable Ancer L. Haggerty, who found the Petitioner in violation of the conditions of his supervised release, revoked the release, and sentenced

Petitioner to the custody of the BOP for eleven months, with an additional 25 months of supervised release to follow.  The BOP designated Petitioner to serve his new term of imprisonment at FCI Sheridan.

## II.  **Petitioner's Allegations**

As noted, Petitioner filed this action on August 17, 2005. Petitioner alleged, and confirmed under oath at the September hearing, that while incarcerated at the United States Penitentiary ("USP") at Lompoc, California in April 2001, prison doctors diagnosed Petitioner with Small Cell, Type II, Lung Cancer. Petitioner stated he received radiation and chemotherapy for sixteen weeks, which successfully placed the cancer in remission.

Petitioner further alleged that on March 25, 2005, after his release from imprisonment, he was admitted to the Oregon Health Sciences University "Oregon Cancer Unit" ("OHSU") in a near-coma condition, with a body temperature of 104 degrees and fluid in both lungs.  According to Petitioner, a battery of tests performed at OSHU indicated malignant cancer present and active in Petitioner's right lung.  Petitioner indicated that unidentified medical personnel prescribed three medications, Tarceva, Neulasts, and Morphine Sulfate, and scheduled Petitioner for radical lung surgery on June 20, 2005.

Petitioner alleges that after his arrest, medical personnel at FCI Sheridan confiscated and destroyed the three prescription

4 - OPINION AND ORDER -

medications.    Petitioner also alleges he informed medical personnel of his lung cancer, but they refused to provide treatment.

III. **Evidence Received at September 7, 2005, Hearing**

Counsel for Respondent called four witnesses at the September 7, 2005, hearing before the Court:  (1) Patty Todd, records custodian at OHSU; (2) Edward Glover, senior probation officer for the District of Oregon; (3) John Orella, medical records custodian at FCI Sheridan; and (4) Muhammed Aslam, M.D., physician at FCI Sheridan.

**A.    Patty Todd - OHSU Records Custodian**

Ms. Todd testified that she searched OHSU records for any medical records for Petitioner by his name, his date of birth, and a social security number.  Although the social security number used by Ms. Todd was apparently one number off, she testified that her search by name and date of birth would have produced any available records.  Despite her efforts Ms. Todd did not find any record that Petitioner was ever treated or scheduled for treatment at OHSU.

**B.    Edward Glover - Probation Officer**

Edward Glover testified that he was assigned to supervise Petitioner before his release on February 24, 2005.  Mr. Glover first met Petitioner four days after Petitioner's release, on

February 28, 2005.  At that meeting, Mr. Glover explained the conditions of Petitioner's release.

After Petitioner's release was revoked, Mr. Glover's office received a memorandum from Judge Marsh who attached a copy of a July 5, 2005, letter from Petitioner to Judge Marsh, in which Petitioner complained that he had lung cancer and that he was not receiving necessary medical treatment at FCI Sheridan.  Petitioner asked for a temporary release to either electronic monitoring or a halfway house, so that he could attend needed medical appointments.  Judge Marsh asked Mr. Glover to follow up on Petitioner's request.  Mr. Glover's receipt of the memorandum from Judge Marsh was the first time Mr. Glover became aware of Petitioner's lung cancer claim.

On July 13, 2005, Mr. Glover sent a letter to Petitioner at Sheridan in which he explained Judge Marsh's request.  Mr. Glover enclosed a release of information form for Petitioner to sign and to return in a self-addressed, stamped envelope.  The release form authorized release of Petitioner's medical information between Mr. Glover's office and OHSU.  Mr. Glover intended to obtain OHSU records, in order to confirm Petitioner's treatment.  Petitioner, however, never returned the release form.

Nonetheless, Mr. Glover also contacted the FCI Sheridan BOP medical staff, who informed him Petitioner had requested medical treatment.  Staff informed Mr. Glover that, although Dr. Aslam

performed an x-ray and additional tests, he did not find any ailments.  Mr. Glover reported this information back to Judge Marsh.

### C.    John Orella - FCI Sheridan Medical Records

John Orella is an officer with the U.S. Public Health Service, assigned to the BOP at FCI Sheridan.  Mr. Orella obtained and reviewed Petitioner's complete medical file, including records from Petitioner's prior incarceration at USP Lompoc and USP Florence.  Petitioner's medical file did not contain any record indicating that Petitioner had been diagnosed or treated for lung cancer at any time during his incarceration.  In addition, there was not any record in the medical file that Petitioner had prescriptions for Tarceva, Neulast, and/or morphine upon his admission to FCI Sheridan.  Instead, the file reflected that Petitioner brought only two medications into FCI Sheridan and these were inhalers for asthma.

### D.    Dr. Aslam - Treating Physician at FCI Sheridan

On July 18, 2005, Dr. Aslam received a call from medical record personnel that Petitioner claimed he was not getting proper treatment and that he had reported he was coughing up blood.  Dr. Aslam personally interviewed and examined Petitioner.  Petitioner told Dr. Aslam he was diagnosed with lung cancer at USP Lompoc in 2001, and underwent 16 weeks of chemotherapy and radiation.

Petitioner also told Dr. Aslam he was treated at OHSU in 2005, and was supposed to undergo lung surgery.

Dr. Aslam asked Petitioner to sign a release of information form in order that he could obtain Petitioner's records and documentation from OHSU.  Dr. Aslam also ordered a chest x-ray and blood tests.  Dr. Aslam reviewed the chest x-ray, which he found to be completely normal.  He also sent the x-ray to a radiologist to review, and the radiologist found no indication of cancer of any type.  In addition, Dr. Aslam found nothing in the blood tests to indicate Petitioner had cancer.

At the time Dr. Aslam interviewed Petitioner, the medical records from Petitioner's incarceration at USP Lompoc were not available.  The records were subsequently obtained, and upon review, Dr. Aslam did not find any indication that Petitioner was ever diagnosed with or treated for cancer at USP Lompoc or anywhere else.

**DISCUSSION**

The Eighth Amendment prohibits the imposition of cruel and unusual punishments.  *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment only when two requirements are met:  (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official

must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

"'[T]he government has an obligation to provide medical care for those whom it punishes by incarceration,' and cannot be deliberately indifferent to the medical needs of its prisoners." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (quoting *Estelle*, 429 U.S. at 104). "A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin*, 974 F.2d at 1059.

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* (quoting *Estelle*, 429 U.S. at 104.) The indifference to the serious medical need must be substantial; a constitutional violation is not established by mere negligence, an inadvertent failure to provide adequate medical care, or a difference of opinion between the prisoner and the physician over proper medical care. *McGuckin*, 974 F.2d at 1059; *Anthony v. Dowdle*, 853 F.2d 741, 743 (9th Cir. 1988); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.

1989).    However, "an express intent to inflict unnecessary pain is not required." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Petitioner alleges he has lung cancer, and alleges medical officials at FCI Sheridan failed to treat his condition. Respondent, however, presented overwhelming evidence at the hearing that Petitioner was never diagnosed with, or treated for, lung cancer either at USP Lompoc or at OHSU after Petitioner's release.    Other than his own statements, affirmed under oath before the Court on September 7, 2005, Petitioner does not present any evidence to support his claim.

The Court finds Petitioner's allegations to be wholly without merit and, in short, incredible.    Accordingly, this Court finds Petitioner has not presented any evidence that prison officials at FCI Sheridan were deliberately indifferent to Petitioner's serious medical needs.    Petitioner, therefore, is not entitled to any relief.

<u>**CONCLUSION**</u>

For these reasons, the Court **DENIES** the Petition for Writ of Habeas Corpus and **DISMISSES** this action.

IT IS SO ORDERED.

DATED this <u>14th</u> day of June, 2006.

<u>    /s/ Anna J. Brown    </u>
ANNA J. BROWN
United States District Judge

10 - OPINION AND ORDER -

P:\Brown-LawClerks\05-1277allen0613opinion.wpd